**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: August 19, 2019**

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| In re:   JOHN BLAINE STONER,<br><br>_Debtor_ | Case No.    18-30213<br>Adv. No.    18-3022 |
| WILLIAM FANSLOW,<br><br>_Plaintiff_<br><br>v.<br><br>JOHN BLAINE STONER,<br><br>_Defendant_ | Judge Humphrey<br>Chapter 7 |

**Amended**
**Order Rescheduling Final Trial, Extending Various Filing Dates
and Ordering Other Matters in Adversary Proceedings**

This order amends the court's prior Order entered on August 5, 2019 (doc. 31) to correct the date provided in Section VI for filing exhibit lists and proposed exhibits from July 30, 2019 to October 15, 2019.

**All other provisions of the court's prior Order (doc. 31) remain the same as restated below:**

**With the agreement of counsel, this order reschedules the trial of this adversary proceeding and extends various filing deadlines. The court appreciates counsel's cooperation in rescheduling the trial in this adversary proceeding.**

Accordingly, **IT IS ORDERED**:

### I. Determinations Pursuant to 28 U.S.C. § 157 and § 1334

The court's Final Pretrial Order (doc. 21) entered determinations pursuant to 28 U.S.C. § 157 and pursuant to 28 U.S.C. § 1334(c) and determined other preliminary issues.

### II. Applicable Rules

These proceedings shall be subject to: (1) the provisions of Part VII of the Federal Rules of Bankruptcy Procedure, which incorporates portions of the Federal Rules of Civil Procedure; (2) the Local Bankruptcy Rules; and (3) the Federal Rules of Evidence. Parties who are not represented by counsel, *pro se* parties, shall be held responsible for knowledge of and compliance with all applicable rules and provisions of this order. References in this order to "counsel" shall also apply to parties appearing *pro se*.

### III. Discovery

As previously noted in the court's prior order (doc. 21), the discovery cut-off date has passed and neither party has sought to extend the discovery cut-off date. Nevertheless, the parties may, without the available assistance or intervention of the court, continue such discovery as they find mutually agreeable.

### IV. Dispositive Motions

The Plaintiff's *Motion for Summary Judgment on Plaintiff's Complaint to Pierce the Corporate Veil and Summary Judgment to Determine Dischargeability of Debt Per 11 USC § 523(a)(2)(A)* (doc. 23) and the *Defedant's Memorandum Contra Motion for Summary Judgment on Plaintiff's Complaint to Pierce the Corporate Veil and Summary Judgment to Determine Dischargeability of Debt Per 11 USC Section 523(a)(2)(A)* (doc. 26) are under advisement.

### V. Stipulations

All stipulations of the parties, even if previously filed or referred to in documents previously filed with the court, shall be filed **not later than October 15, 2019** as a separate document captioned **"Stipulation(s) of the Parties"**.  In the event that counsel propose to

introduce documentary evidence, counsel are required to make a good faith attempt to enter into stipulations concerning such documentary evidence and to avoid the appearance and testimony of any witness whose sole purpose is to provide testimony that will not be disputed concerning the authentication and identification of such documentary evidence.

### VI. Witness, Exhibit List(s) and Copies of Exhibits

**The Plaintiff has filed his witness and exhibit lists, together with copies of his proposed exhibits, in the record of the adversary proceeding. See docs. 27 & 30. The Plaintiff is not required to re-file these documents. However, to the extent that the Plaintiff wishes to supplement these filings, any such supplements shall be filed with the court and exchanged with other counsel not later than October 15, 2019.**

In accordance with the provisions of Local Bankruptcy Rule 7016-1, counsel shall complete the appropriate Local Bankruptcy Rule Form 7016-1 Attachment A Witness List(s), containing the person(s) who the Plaintiff, Defendant or other parties may call, or have available for testimony at trial, including separately designated expert witnesses, which shall be filed with the court and exchanged with opposing counsel **not later than October 15, 2019**.

In accordance with the provisions of Federal Rule of Bankruptcy Procedure 7026, incorporating Federal Rule of Civil Procedure 26(a)(3) and (4) and Local Bankruptcy Rule 7016-1, counsel shall complete the appropriate Local Bankruptcy Rule Form 7016-1 Attachment B Exhibit List(s). The Exhibit List(s), **together with complete copies of all proposed exhibits which the Plaintiff or the Defendant may offer as exhibits individually and/or jointly,** shall be filed with the court and exchanged with opposing counsel **not later than October 15, 2019.** Exhibits not timely exchanged may not be admitted at trial.

**Further, in accordance with Federal Rule of Bankruptcy Procedure 9037 and this court's Electronic Case Filing Procedure 13 all personal identifiers (social security numbers, taxpayers' identification numbers, birth dates, names of minor children, financial account numbers, etc.) must be redacted from all exhibits and other papers filed with the court.**

- **Each party shall pre-mark all exhibits.** The trial will not commence until all exhibits have been suitably labeled. Absent unusual circumstances the Courtroom Deputy will not mark exhibits during the course of the trial.

- Parties shall mark exhibits as follows:

  **Numbers - Plaintiff**
  **Letters - Defendant**

- **At the conclusion of the trial, counsel shall provide an original hard copy of each exhibit proffered to the court as evidence during the course of the trial to be**

3

**retained by the court as part of the record.**  Presentation of all exhibits during trial shall be by means of the court's electronic display system. If counsel intends to present exhibits electronically from a laptop computer or use other digital presentation devices, then counsel must provide at least three (3) days advance notice to the court to ensure security clearance and technical compatibility. Courtroom equipment testing and setup of counsel-provided devices are the responsibility of counsel and should be completed prior to the trial commencement time.

Copies of witness lists (Form 7016 Attachment A Witness List(s)) and copies of exhibit lists (Form 7016 Attachment B Exhibit List(s) [Individual or Joint Exhibit(s)]) are available from the court's website *www.ohsb.uscourts.gov* and from the Clerk of the Bankruptcy Court in this District.

## VII. Extensions of Time

All motions for extension of time shall include a certification that the movant has attempted in good faith to obtain an agreement from the opposing party. The 20-day response period generally applicable to all motions and applications pursuant to Local Bankruptcy Rule 9013-1(b) shall not apply to motions for an extension of time.

## VIII. Pretrial Motions

All remaining pretrial motions, including motions *in limine,* or other motions which would determine, eliminate, or reduce evidentiary issues, shall be filed **not later than October 15, 2019** and any response shall be filed **not later than October 22, 2019.**

Failure to respond to any pretrial motion constitutes a basis for the court to enter an order granting the relief requested, barring the presentation of testimony or other evidence related to the issues presented by the motion, and entering any other appropriate order.

## IX. Mandatory Final Trial Briefs

The Plaintiff filed his brief on July 10, 2019. *See* doc. 29.  The Plaintiff is not required to re-file his brief. **However, to the extent that the Plaintiff wishes to supplement his brief, any such supplement shall be filed <u>not later than October 22, 2019</u>.**

**Counsel for the Defendant <u>shall</u> file, <u>not later than October 22, 2019</u>, a final trial brief which <u>shall contain</u> arguments of counsel and citations of legal authority upon which counsel proposes to rely in connection with the issues presented for trial <u>and shall contain</u> a separate page or pages setting forth the specific dollar amounts of any monetary relief sought or denied, including the specific mathematical calculations by which the amount of the monetary relief sought or denied was calculated.**

## X. Settlement

If these matters are settled or otherwise resolved, counsel shall immediately notify the court by email at humphrey337@ohsb.uscourts.gov . See *Judges - Hearing Schedules and Other Information* on the court's website at http://www.ohsb.uscourts.gov/ for further information on settlement procedures.  Additionally, **prior to the time scheduled for trial,** counsel shall upload a proposed judgment entry providing for complete resolution of **all** issues or a **"Notice of Settlement"** advising the court that the case has been settled and setting a date by which a judgment entry will be submitted or a motion seeking approval of the compromise pursuant to Bankruptcy Rule 9019 shall be filed in the bankruptcy case. Unless otherwise ordered by the court or specified in the Notice of Settlement containing an explanation for the delay, the proposed judgment entry shall be submitted **no later than seven (7) days** following the trial date. *See* Local Bankruptcy Rule 9072-1(g). Failure to timely submit the judgment entry may result in dismissal of these proceedings, granting of default judgment, or entry of such other orders as may be appropriate. *See* LBR 9011-3.

## XI. Final Pretrial Conference

The court will only schedule a final pretrial conference upon the request of the parties or in the event that the court determines such a conference is necessary. **However, regardless of whether or not a final pretrial conference is held, the trial in this adversary proceeding shall proceed as scheduled through this order.**

## XII. Trial Date of Adversary Proceedings

The trial in these adversary proceedings shall commence on **October 29, 2019 at 9:30 a.m.** before United States Bankruptcy Judge Guy R. Humphrey in the West Courtroom of the United States Bankruptcy Court and **shall continue day to day until the matters are concluded.**

This order may not be modified by agreement of the parties.  However, upon timely application, either or both parties may seek modification in order to meet a bona fide emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

## XIII. Courtroom Conduct

The following procedures are to be followed in all proceedings in open court:

At the commencement of the hearing, each attorney shall stand and state his or her name and introduce by name the parties and witnesses present for that attorney's cause. Each attorney shall also state that the names of all witnesses and copies of all proposed exhibits have been exchanged with all other attorneys; or, shall state the names of all

witnesses and provide copies to all other attorneys of all proposed exhibits that have not been exchanged.

All persons, whether counsel, parties, or witnesses, shall be formally addressed by the surnames wherever possible.

**IT IS SO ORDERED.**

Copies to:

Roger E. Luring (Counsel for Plaintiff William Fanslow)

Samuel J. Petroff (Counsel for the Defendant)